IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JESSICA DUCKETT,**

        **Petitioner,**

v.                                                 Case No. 1:21-cv-00158

**WARDEN CARVER,**

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On March 8, 2021, Petitioner Jessica Duckett ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 1,2). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending are Respondent's requests for dismissal as articulated in the Response in Opposition to Petition for Writ of Habeas Corpus and Response to the Court's Order. (ECF Nos. 8, 11).

Having thoroughly reviewed the record, the undersigned **FINDS** that Petitioner is has received the relief that she seeks in her petition; therefore, this habeas proceeding is moot. Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the requests for dismissal; **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

I.　**Relevant Facts**

Petitioner states in her petition for habeas relief that she was sentenced to ten years' imprisonment on January 13, 2015 by the United States District Court for the Northern District of Iowa on a conviction for conspiracy to distribute methamphetamine and marijuana. (ECF No. 1 at 1; ECF No. 2 at 1). Petitioner now challenges the execution of her sentence under the First Step Act of 2018 ("FSA"), which allows federal inmates to receive time credits for participating in certain programs offered by the Federal Bureau of Prisons ("BOP"). Petitioner claims that under the FSA she will be entitled to 180 days of credit on her assessment date in April 2021 and asks the Court to order the BOP to apply those credits. Petitioner asserts that the application of the credits will entitle her to be released from institutional custody to home confinement in June 2021, rather than in December 2021. (ECF No. 2 at 25). Petitioner acknowledges that she has not exhausted administrative remedies, but contends that exhaustion should be waived because she is arguing statutory construction, exhaustion is futile, administrative remedies are insufficient, and requiring exhaustion would cause irreparable harm. (ECF No. 1 at 2; ECF No. 2 at 20-24).

On March 11, 2021, the undersigned entered an Order directing Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 6). Respondent filed a response to the Show Cause Order on May 10, 2021. (ECF No. 8). Respondent argues that Petitioner's habeas petition should be dismissed, because she failed to exhaust administrative remedies. Respondent rejects Petitioner's argument that exhaustion should be waived, pointing out that requiring the Petitioner to exhaust available remedies allows the BOP the first opportunity to consider Petitioner's claim and perhaps resolve it. (*Id.* at 2-3). In the absence of a certainty that the BOP will rule

adversely, Respondent posits that the BOP should be given the chance to address the issue. In addition, Respondent argues that Petitioner's petition is premature, because the FSA provides the BOP with two years to phase in the credits, and the two years does not expire until January 15, 2022. (*Id.* at 4-11). Petitioner was given an opportunity to reply to Respondent's arguments, but she did not do so. (ECF No. 9).

On January 31, 2022, the undersigned entered an Order directing the Respondent to provide the Court with a supplemental response to the petition. (ECF No. 10). Petitioner was given seven days after the supplemental response in which to file a reply. (*Id.*). Respondent submitted the supplemental response on February 18, 2022, (ECF No. 11). In the supplemental response, Respondent states that Petitioner's request for habeas relief is now moot, because she has received the relief requested. (*Id.*). Although Petitioner was given an opportunity to reply, she has not done so. The docket indicates that Petitioner has been released from institutional custody. (ECF No. 12).

## II. Standard of Review

Although Respondent does not state under which rule she brings the request for dismissal, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint,

3

alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Petitioner's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

### III.  Discussion

As a prerequisite to addressing the merits of the habeas petition, this Court must have subject matter jurisdiction over the dispute pursuant to Article III of the United

4

States Constitution. Even when no party has raised the issue of subject matter jurisdiction, the Court must consider it. Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

The federal habeas corpus statute requires an individual to be "in custody" at the time she brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Without that condition precedent, the court lacks subject matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not deprive the court of jurisdiction, "[t]he question of mootness is separate and distinct" from the "in custody" requirement. *Id.* Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). As such, when a federal prisoner files a habeas corpus petition seeking an earlier release

5

from incarceration, her supervening release may render the petition moot, because there is no longer a justiciable controversy.

Petitioner complained that 180 days of credit should be applied to her sentence to allow earlier release to home confinement. After Petitioner filed her habeas petition, the BOP applied time credits to her sentence and released her from custody on January 18, 2022. (ECF No. 11 at 2). The BOP inmate locater confirms that Petitioner has been released and is no longer in BOP custody. *See* www.bop.gov/inmateloc//. Therefore, the record indicates that Petitioner, who sought release from institutional custody, has fully received the relief she requested in her petition for a writ of habeas corpus, rendering the petition moot and subject to dismissal.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot when a petitioner is released from custody where the petition challenges collateral consequences, which continue after expiration of the sentence and are sufficient to create "a substantial stake" in the outcome of the habeas petition that "survives the satisfaction of the sentence." *Id.* Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)). However, neither exception applies in this case.

Petitioner has not raised any collateral consequences flowing from her sentence calculation under the FSA. Indeed, because she has received the applicable time credits, she has no factual basis upon which to support a claim that the collateral consequences

6

exception applies. Furthermore, as Petitioner is not likely to face the same set of circumstances in the future, she is unable to demonstrate the "capable of repetition" exception. *Leonard,* 804 F.2d at 842.

Therefore, the undersigned **FINDS** that (1) Petitioner's receipt of the relief she requested renders her petition for a writ of habeas corpus moot and (2) no exception to the mootness doctrine applies in this case.

## IV.  Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's request for dismissal, (ECF Nos. 8, 11), be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**; and this matter be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889

F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** March 8, 2022

Cheryl A. Eifert
United States Magistrate Judge